ROBERT ARMSTRONG *vs.* ROBERT & THOMAS ROBINSON.
*December,* 1833.

Where a bond was conditioned to perform an award to be made by arbitrators, and the condition (which recited the submission) was silent as to the time at which the award was to be rendered, the circumstance that the penal part of the bond acknowledged the sum " by us (the obligors) to be paid to the said R three months from the date hereof," cannot avail, to engraft a limitation upon the power of the arbitrators, and make an award rendered after the expiration of three months void.

Where a bond was payable to R & Co. a declaration stating, that A acknowledged himself to be held and firmly bound unto T R & R R, by the name and style of R & Co. is sufficient, and this is no variance.

In actions founded upon contract, whether by parol or deed, if the demand or cause of action be joint, all the parties, if alive, must join in bringing the action, which should properly be in their names, and not in the name of the company or firm, where it is a company or firm, that has the cause of action.

In actions upon the contract, where all the parties do not join as plaintiffs, the defendant may avail himself of the non-joinder upon proof at the trial, or he may plead such matter in abatement, or if it appears on the record by the pleadings, he may take advantage of it by demurrer.

In a suit on a bond signed A & Co. the writ and declaration were against A only; the court will not upon general demurrer assume, that there was any other living person jointly bound with A at the time the suit was brought, nor that A was not A & Co.

In declaring on a bond it is not necessary to set it out in *hæc verba*, but it is sufficient if it is stated according to its true legal effect and operation.

One partner cannot bind another by his bond sealed in the name of the firm, to perform an award, though the bond is binding upon the party who seals it, and may be declared upon accordingly.

An award must pursue the submission, or it is bad.

Where the condition of a bond was, that A & Co. should comply with the award of arbitrators, and the award was that A (who in fact signed the bond as A & Co.) should pay, or cause to be paid by A & Co. a sum of money in full settlement of the matters submitted, *this was held* in effect, an award that A & Co. should pay, or considering the bond as A's sole obligation, and as a stipulation that he should pay, then the award was within the condition, and in either case sufficient.

APPEAL from *Baltimore County Court.*

This was an action of *Debt,* instituted by the appellees against the appellant, on the 22d of March, 1828, on a bond signed and sealed by "*Robert Armstrong & Co.*" in favor of "*Robert Robinson & Co.*" bearing date on the 18th May, 1827, in the penalty of $5000, to be paid in three months from the date thereof, conditioned as follows. "The condition of this obligation is such, that whereas several difficulties exist in the settlement of monied and commercial concerns, between the above named *Robert Armstrong & Co.* and the said *Robert Robinson & Co.*, and they the said parties have mutually agreed, that *John Keys* and *Thomas*

*Kelso* shall adjust and settle the above mentioned accounts, with the privilege of calling in a third person if necessary, and if the above bounden *Robert Armstrong & Co.* comply with the award of the above named arbitrators, the above obligation to be void, &c."

The declaration after reciting that the appellant, *Robert Armstrong*, by the above bond, acknowledged himself to be bound to the appellees, *Robert Robinson & Thomas Robinson*, in the sum of $5000, by the name, and style of *Robert Robinson & Co.* proceeded to aver, that the arbitrators duly made, and delivered their award on the 22d day of March, 1828, and did then and there award, order, and direct, that the said *Robert Armstrong* should pay, or cause to be paid by the said *Robert Armstrong & Co.* to the said *Robert Robinson & Co.* the sum of $4500, in full settlement of all the claims, accounts, and demands whatsoever, between the said *Robert Armstrong & Co.* and the said *Robert Robinson & Co.* up to the 18th of May, 1827, and arising out of the commercial and monied transactions between said companies; with a clause providing for mutual releases, &c." The breach assigned was, that *Robert Armstrong* had not himself paid, or caused *Robert Armstrong & Co.* to pay the amount of the award.

After *Oyer*, the defendant pleaded that the arbitrators did not within three months from the date of the said writing obligatory make an award, &c.

The plaintiffs demurred generally to this plea, and the defendant joined in the demurrer.

The county court ruled the demurrer good, and gave judgment for the plaintiff; upon which the record was, upon the appeal of the defendant, brought to this court.

The cause was argued before BUCHANAN, Ch. J., and STEPHEN, and DORSEY, J.

*Gill* and *Campbell* for the appellants, contended.

1. That upon the true construction of the bond, it was the intent of the parties, that the arbitrators should make

an award within *three months* from its date.  The object
of arbitrations is to accelerate the settlement of controver-
sies; and the court will look into the bond for expressions
indicative of an intention to limit the arbitrators, in refer-
ence to the time of making their award.  The only words
in this bond from which such intention can be deduced, are
the words, " to be paid in three months," and as these are
introduced in the obligatory part of the instrument, and of
course could not have been intended to favor the obligor
by giving him a credit, they must have been designed to
limit a period within which the award was to be made.

2. The award is not within the submission.  The bond
is signed by *Robert Armstrong & Co.*, and the award is to
be performed by *Robert Armstrong*.  *Robert Armstrong*,
and *Robert Armstrong & Co.* are not the same persons;
nor is there any averment in the pleadings that they are
the same.  The word " company," imports that some one
was associated with *Robert Armstrong*.  *Mitchell vs. Dall*,
2 *Harr. and Gill*, 170.

3. The bond given on *oyer* does not conform to the bond
declared upon.  The declaration is upon the individual
bond of *Robert Armstrong*, whilst the bond produced on
*oyer* is by *Robert Armstrong & Co.*  There is no aver-
ment that *Robert Armstrong* is a member of the firm of
*Robert Armstrong & Co.*  That he signed it for the firm,
and therefore it will not do to say, that it is his individual
bond, though signed in the partnership name.  *Sheehy vs.
Mandeville*, 7 *Cranch*, 217.  *Ferguson vs. Harwood*, *Ib.*
413.  *Bonner vs. Wilkinson*, 5 *Barn. and Ald.* 682.
*Henry vs. Brown*, 19 *Johns. Rep.* 50.  *Gould vs. Barnes*,
3 *Taunt.* 503.  *Cooke vs. Graham*, 3 *Cranch*, 229.  *Bon-
ner vs. Wilkinson*, 7 *Serg. and Low.* 231.  *McNitt vs.
Clarke*, 7 *Johns. Rep.* 467.

4. There is a variance also in this, that the declaration
avers that the defendant bound himself unto *Thomas Rob-
inson*, and *Robert Robinson*, by the name and style of *Ro-
bert Robinson & Co.*, when in fact the obligation is to

*Robert Robinson & Co.* If the fact be, that *Robert* and *Thomas Robinson,* are *Robert Robinson & Co.* it should have been so averred, that an issue might have been taken upon it; instead of which the declaration is so framed, as to make it a question of legal construction for the court, and not of fact for the jury.

5. These objections to the plaintiff's right to recover, are open to the defendant upon the present state of the pleadings. *Cooke vs. Graham,* 3 *Cranch,* 229. *Wardell vs. Pinney,* 1 *Wendell,* 218. *Manhattan Co. vs. Ledyard,* 1 *Caine's Rep.* 192. *Ehle vs. Purdy,* 6 *Wendell,* 630. *Gould vs. Barnes,* 3 *Taunt.* 503. 1 *Chitty Pl.* 336, (*Ed.* 1833.) *Moore vs. Fenwick, Gilmor's Rep.* 217.

6. The breach is not properly assigned. It is for the failure of *Robert Armstrong* to perform the award, when it should have been that of *Robert Armstrong & Co.* 1 *Chitty Pl.* 615, (*Ed.* 1833.) 2 *Harr. Ent.* 562. 2 *Chitty Pl.* 619, (*Ed.* 1812.) 1 *Saund.* 317, (*note* 1.) 1 *Saund. Rep.* 103, (*note* 1.)

*Johnson* and *McMahon,* for the appellees.

1. The first question is, what is the true construction of the bond sued on? Though the obligatory part of an arbitration bond is *in præsenti,* its legal obligation is to perform the award when it shall be made. The obligatory part therefore, is not to be referred to for the contract of the parties; but the condition which contains the submission. The stipulation therefore, that the award should be paid within three months from the date of the bond, cannot refer to the time within which the award was to be made; as if so, the defendant might be deprived of the benefit of it, because as the submission does not say when the award should be made, it might have been made the next day, and then the bond would have been immediately suable. This stipulation was for the benefit of the defendant, and was designed to give him three months to pay the bond in. Where no

time is limited for making the award, the arbitrators have what time they please. *Caldwell on Awards*, 46.

2. It is alleged, that there is a variance between the bond produced on *oyer*, and the bond declared on. That the declaration is on the individual bond of *Robert Armstrong*, and the bond offered is the bond of *Armstrong & Co.* The objection is, that there are other defendants who ought to have been joined. But this, if so, should have been pleaded in abatement, though the contract itself shows that there are absent parties. This rule is universal, except where the plaintiff's declaration shows that there are other parties *then liable to be sued*. If the declaration only shows that there are other parties, and not that they are then liable to be sued, the objection must be taken by plea in abatement. *Brown vs. Warram, 3 Harr. and Johns.* 572. 1 *Saund.* 288.

The demurrer admits all the facts contained in the plea, which are well pleaded. That is, it admits every fact which the party, whose plea is demurred to, might give in evidence in support of it, if it was denied. By the demurrer in this case, the defendant has no defence which would not be open to him upon the plea of *non est factum;* and the question is, whether upon that plea, the variances complained of would be fatal to the plaintiff's right to recover. Now can there be a doubt, that upon such a plea, the plaintiffs might prove that the defendant alone signed the bond, even although the words " & Co." meant another party? It would still have been the bond of the party who signed it, and the plea of *"non est factum"* would not avail him. A partner without authority, cannot bind his co-partner by deed, though it binds himself. *Kidd*, 42. A plaintiff is never required to insert more in his declaration than gives him a good *prima facie* case. Defensive matters must come from the defendant. If therefore, other persons signed the bond, it should be alleged by the defendant in his plea. The court will not intend it. 1 *Saund.* 288. If the alleged variance is fatal on demurrer,

then you deprive the plaintiff of the privilege of proving that no one signed the bond but the defendant, though if that was in fact the case, he alone would be responsible.

The presumption that the words "& Co." include other persons, is not a legal presumption, and as such conclusive. It is at best, but a presumption of fact which may be rebutted. The court cannot intend as a legal presumption, that there was another person beside *Robert Armstrong* who signed the bond. 1 *Peters' S. C. R.* 222. Even if there was another person, he would not be bound, unless he authorized the party to sign for him, and the defendant must show the authority by his plea. *Cutter vs. Whittemore,* 10 *Mass. Rep.* 444. The variance must be in a material part of the bond. If the legal effect is stated, it is sufficient. *Fergusson vs. Harwood,* 7 *Cranch.* 408, 413, 414. The court always views awards with great favor. *Archer vs. Williamson,* 2 *Harr. and Gill,* 62. *Cromwell vs. Owings,* 6 *Harr. and Johns.* 10.

BUCHANAN, Ch. J., delivered the opinion of the court.

The first question raised upon the pleadings in this cause is, whether according to the proper construction of the arbitration bond on which the suit is brought, the award should not have been made within three months from the date of the bond.

No time is limited in the condition of the bond for making the award, but the argument on the part of the appellant, in support of the affirmative of the proposition, is drawn from the words, "by us to be paid to the said *Robert Robinson & Co.* three months from the date hereof," to be found in the obligatory part of it. At first blush there would seem to be something in it, and as if the obligation to pay, three months from the date of the bond, looked to the award being made within that time; the intention being, that the bond should not become absolute before an award should be made. But if the words, " by us to be paid three months from the date hereof," had been

altogether omitted, and no time of payment mentioned, so that as in the case of an ordinary bond, without any limitation of time in the condition for the payment of the money, looking to the language of the obligatory part of it only, it would have been payable immediately, it would scarcely be said that the award was required to be made *instanter*,— complicated commercial transactions constituting the subject of the submission; and that if not so made, the bond would have become inoperative, and that no suit could have been sustained upon it, for the non-compliance with an award made three days afterwards. Such a construction could never be given to such a bond, which would be to render it a nullity from the moment of its execution. But being an undertaking for the performance of an award to be subsequently made, though payable on its face immediately, it only becomes absolute on the failure, or refusal of the obligor to perform the award when made, which must be done within the time limited in the condition, if there be such a limitation of time; and if not, then at any indefinite time. The limitation of the time for making the award (where there is any,) being always in the condition of the bond, that being one of the offices of the condition. And it is wholly immaterial whether there be any time of payment specified in the obligatory part of the bond or not; since it is not on the failure of the obligor, to pay the amount of the sum mentioned in the bond that his liability attaches, but on his failure only to perform the award. His obligation being not to pay the sum mentioned in the bond, at the expiration of the time specified, but to perform the condition on pain of forfeiting the penalty. The object, therefore, of introducing the words, " by us to be paid three months from the date hereof," must be understood to have been to protect the obligor against an action upon the bond, before the expiration of that time, in the event of an award being made within the three months, which may have been thought probable by the parties. And after the expiration

of the three months, the bond stood as if no such words had been used; and as if they had been originally omitted, awaiting the action of the arbitrators, and the violation of the condition by the obligor, to give to the obligees a right of action; which could only accrue on such violation, in neglecting or refusing to perform the award when made, until when, it gave to the obligees no action, or demand against the obligor. And no time being limited in the condition for the making the award, the arbitrators named had their own time for doing it, without being restricted to three months as has been supposed. It cannot be denied, that though the time of payment mentioned in the bond, is three months after the date, if the time for making the award had been limited in the condition to six months, (which might well have been,) and the award had been made at any time after three months, but within six months, it would have been good, and within the submission. And the only difference is, that here no time is limited in the condition, and therefore a greater latitude is given.

The bond was given by *Robert Armstrong & Co.* to *Robert Robinson & Co.* The suit is against *Robert Armstrong*, and the declaration alleges, that *Robert Armstrong* acknowledged himself to be held, and firmly bound unto *Thomas Robinson* and *Robert Robinson*, by the name and style of *Robert Robinson & Co.* &c. &c. It is difficult to believe, that the objection raised to this mode of declaring was seriously made, or much relied upon.

It is an established rule, that in actions founded upon contract, whether by parol or deed, if the demand or cause of action be joint, all the parties, if alive, must join in bringing the action, which should properly be in their names, and not in the name of the company, or firm, where it is a company, or firm, that has the cause of action; and that, as far as appears from the record, is what has been done here; the appellees, *Thomas* and *Robert Robinson*, alleging in their declaration, that the undertaking was to them by the name and style of *Robert Robinson & Co.*

If *Thomas* and *Robert Robinson,* are not the only members of the firm of *Robert Robinson & Co.* to whom the bond was given, the appellant might have availed himself of the non-joinder, by proof at the trial, or he might have pleaded that matter in abatement, which was not done. And if it had appeared on the record by the pleadings, he might have taken advantage of it by demurrer. But not appearing on the record, even if the fact exists, it cannot be reached by the demurrer in this case, and the mere mode of declaring is not obnoxious to any objection arising upon the demurrer. It is a correct mode of declaring, and it is always sufficient, if the plaintiffs are proved to be the members of the company or firm, and the persons meant by the name and style used in the instrument.

Whether the suit was properly instituted against *Robert Armstrong,* is a question not open on the demurrer. It does not appear on the record, that there was any other person jointly bound in the bond with *Robert Armstrong,* who was living at the time the suit was brought, and who should have been joined in the action. It does not appear upon the record, nor is it a presumption of law, that *Robert Armstrong,* and *Robert Armstrong & Co.* are not one, and the same person, or that there was any other person living at the time the suit was brought, belonging to that firm, and bound, by the bond, except *Robert Armstrong;* and not appearing on the record, if there was any such person so bound, and alive when the suit was brought, the appellant should have taken advantage of the non-joinder by a plea in abatement. As to the supposed variance between the bond produced, and the bond declared upon, it is not perceived to exist. The profert brought the bond into court, and by the *oyer* it was spread upon the record, and made a part of the declaration to which the plea was pleaded. And being thus made a part of the declaration, and admitted by the plea of no award within three months from the date, of and concerning the matters in the conditioned mentioned and referred, there is no variance between

the bond declared upon, and the bond produced; the record showing the bond declared upon to be a bond of *Robert Armstrong & Co.*, and the bond produced, being a like bond of *Robert Armstrong & Co.*

In declaring on a bond, it is not necessary to set it out it *hæc verba*, but it is sufficient if it is stated according to its true legal effect and operation. If there were other persons than *Robert Armstrong* belonging to the firm, he was not competent to bind his partners to the submission. The bond therefore, though not binding on such partners, was his bond, and binding on him. And being his bond, it was declared upon according to its true legal effect. It makes no difference that it was given in the name of *Robert Armstrong & Co.*, it was not the less his bond, and the suit could not properly have been brought against *Robert Armstrong & Co.*, not being a corporation. It is objected that the award does not pursue the submission; and if so, it is certainly bad. It is necessary then to see what was submitted, and what the arbitrators have awarded.

The submission is of "several difficulties existing in the settlement of monied and commercial concerns, between *Robert Armstrong & Co.* and *Robert Robinson & Co.*" *Robert Armstrong*, by the name and style of "*Robert Armstrong & Co.*" bound himself, that *Robert Armstrong & Co.* should comply with the award of the arbitrators, and the award is, "that *Robert Armstrong* shall pay, or cause to be paid, by *Robert Armstrong & Co.* to *Robert Robinson & Co.* the sum of $4500, in full of all claims, accounts, and demands whatsoever, between *Robert Armstrong & Co.* and *Robert Robinson & Co.*, arising out of the commercial and monied transactions between the companies," with a provision for mutual releases between the companies, in relation to the matters submitted.

The award then being an adjustment of all the monied and commercial transactions, between *Robert Armstrong & Co.*, and *Robert Robinson & Co.*, it is so far, clearly within the submission. And as to the sum awarded to be

paid to *Robert Robinson & Co.*, it may be considered as in effect an award, that *Robert Armstrong & Co.* should pay it; being awarded on account, and in full of all the demands against them, which were submitted to the arbitrators; and the direction being that *Robert Armstrong* shall pay it, or cause it to be paid by *Robert Armstrong & Co.;* or viewing it as an award that *Robert Armstrong* shall pay it, it does no more than follow the condition of the bond, which is, that *Robert Armstrong & Co.* shall comply with the award. He could not bind his partners if there were any others alive belonging to the firm; but he could, and did bind himself, (the bond according to its legal effect being his alone,) that *Robert Armstrong & Co.* should comply with the award of the arbitrators. He undertook in behalf of the company to submit the matters in dispute, which did not bind his partners, if he had any who were alive, but it bound him so far as his interest was concerned; and he might very well bind himself in an undertaking that the others, or that he and the others, should comply with the award. And being a party to the submission, and bound on behalf of the company, and the award being expressly upon the matters submitted, it is not a sufficient objection to the award, that it directs the money to be paid by him, who on his own account, on behalf of others, in nature of a surety was bound for the payment of it. The award, in directing that he shall pay the sum awarded, or cause it to be paid by *Robert Armstrong & Co.* only directs that he shall do what by his bond he bound himself should be done; and for the neglect or refusal to do which by the company, if the award had been that they should pay it, he would have been subjected to an action on the bond, and a payment of it would discharge the company from all liability to *Robert Robinson & Co.*, on account of the matters submitted to the arbitrators. The award therefore, is in effect the same as if it had been that *Robert Armstrong & Co.* should pay.

Moreover, it does not appear from the record, (and the law does not presume it,) that there is any other person

living than *Robert Armstrong*, belonging to the firm of *Robert Armstrong & Co.*; or that *Robert Armstrong* and *Robert Armstrong & Co.* are not one, and the same person. And in support of the award, it will be intended that they are; as if it was not so he must know it, and if material might have shown it, which he has not done. There is no objection therefore, either to the award, or the breach assigned. *Robert Armstrong*, as far as appears upon the record, being the only person from whom the money directed to be paid was due; and the award that he shall pay, or cause it to be paid, &c. being in effect, a direction that he shall pay what he himself owes. And if the award had been that *Robert Armstrong & Co.* should pay, it would have been equivalent to a direction that he should pay.

JUDGMENT AFFIRMED.